IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,　　　　　　　　:

　　　　v.　　　　　　　　　　　　　　　　:　　　08-CR-322-S
　　　　　　　　　　　　　　　　　　　　　　　　**FILED UNDER SEAL**
JOSEPH ANDERSON,　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　:

　　　　　　　Defendant.

---

## GOVERNMENT'S AFFIDAVIT IN SUPPORT OF
## MOTION FOR DOWNWARD DEPARTURE PURSUANT TO SECTION 5K1.1

PAUL J. CAMPANA, being duly sworn, states:

1.  I am an Assistant United States Attorney for the Western District of New York and am familiar with the facts of this case, as well as the facts relating to *United States v. Vincenzo Anello*, 10-CR-251 (hereafter referred to as the union pension benefit fraud case). I make this affidavit in support of a motion for a downward departure of 11 offense levels (from offense level 19 to offense level 8) pursuant to Section 5K1.1 of the United States Sentencing Guidelines.

2.  The defendant, Joseph Anderson, pled guilty on November 7, 2008, to a one-count Information charging a violation of Title 18,

United States Code, Sections 1341, 1346, and 2, aiding and abetting a public official (Vincenzo Anello) in depriving the citizens of Niagara Falls of their right to the honest services of its elected officials.

3. Mr. Anderson's guilty plea was entered pursuant to a Plea Agreement in which Mr. Anderson agreed to cooperate with the government in relation to the investigation and prosecution of Anello. Anello then was the former Mayor of the City of Niagara Falls, New York. Aided by Mr. Anderson's cooperation, the government obtained an indictment against Anello on November 6, 2008, the day before Mr. Anderson's guilty plea. As part of the Plea Agreement, the government agreed to make a downward departure of 11 offense levels if Mr. Anderson provided substantial assistance in the prosecution of Anello. See Plea Agreement at par. 25.

4. Prior to and after the entry of Mr. Anderson's guilty plea, Mr. Anderson was interviewed by case agents in the presence of defense counsel and provided substantial information concerning alleged misconduct by Anello before and after Anello was elected Mayor. Anello had been a sitting City Councilman when elected Mayor in 2003.

5. Mr. Anderson's statements to agents prior to his plea were consistent with numerous admissions he had made during the early part of the investigation, prior to the time Mr. Anderson had retained counsel. Thus Mr. Anderson was consistent throughout his dealings with the government, both before and after retaining counsel. His consistency and cooperation were significant factors facilitating the government's indictment against Mr. Anello for honest services mail fraud and Hobbs Act violations.

6. At all times during the pendency of the indictment against former Mayor Anello, the defendant was prepared to be interviewed in preparation for trial, and was prepared to testify at the trial of Anello. On at least one occasion long before Anello's trial was scheduled, Mr. Anderson was interviewed by the government in preparation for trial. Anello's trial, however, did not take place. Instead, Anello pled guilty to a felony charge relating to defrauding his union's pension benefit fund, for which, on December 20, 2010, Anello was sentenced by this Court to a total of 13 months imprisonment. The conviction and sentence in that case were to a significant extent brought about by cooperation of Mr. Anderson relating specifically to Anello's fraud against his union's pension benefit fund. Mr. Anderson was in no way a participant in Anello's offense against his union.

7. Regarding the union pension benefit fraud case, Mr. Anderson, through counsel, notified the government that Anello was doing extensive electrical work for Anderson's companies. Mr. Anderson provided full access to whatever company records were necessary to the government's investigation, as well as to his employees who had knowledge of the facts. This assistance was critical to the development of the government's pension benefit fraud case against Anello. It was discovered that Anello was billing Mr. Anderson's companies for hours far exceeding the time Anello was permitted to work and still be eligible for his union's pension benefits. Anello reported far fewer hours to the union than the hours he charged to Mr. Anderson. Thus the pension benefit fraud case may well not have been brought or even discovered were it not for Mr. Anderson's assistance.

8. In connection with Anello's plea and sentence in the union pension benefit fraud case, and as part of the Plea Agreement therein, Anello also was required to admit facts that also related to the $40,000 in payments he received from Mr. Anderson prior to and just after the 2003 mayoral election, and which underlay the honest services charges pending against Anello. Among the facts Anello admitted was that he and Mr. Anderson would not discuss the payments publicly, and that the method of payment (checks issued by

4

a company called Aarow Brokers) was designed to make it less likely that the money received by Anello would appear to have come from Mr. Anderson or his businesses. Anello specifically admitted that he did not disclose the fact that he had received money from Mr. Anderson when, in March 2004, he recommended that a company in which Mr. Anderson was a principal receive a lease for the city's East Pedestrian Mall.

9.   Given these admissions by Anello, and his agreement to serve up to 16 months in prison following conviction for a felony, the government agreed to a dismissal of the honest services indictment against Anello as part of Anello's agreement to plead guilty in the pension benefit fraud case and to serve a prison term for that offense. Mr. Anderson's cooperation in both cases against Anello was a significant and substantial factor in bringing about this result.

10.   It is therefore respectfully submitted that Mr. Anderson has provided substantial assistance in the investigation and prosecution of Vincenzo Anello and has complied with the Plea Agreement he signed in the present case. Pursuant to paragraph 25 of that agreement, the government moves for a downward departure of

11 offense levels, which, if granted, would result in an offense level of 8, at which the defendant's sentencing range would be 0-6 months.

DATED:   Buffalo, New York, January 13, 2011.

                                        PAUL J. CAMPANA
                                        Assistant U. S. Attorney
                                        United States Attorney's Office
                                        Western District of New York
                                        138 Delaware Avenue
                                        Buffalo, New York 14202
                                        716/843-5700, ext. 819
                                        Paul.J.Campana@usdoj.gov

Sworn to and subscribed to before
me this 13th day of January, 2011.

COMMISSIONER OF DEEDS
In And For The City Of Buffalo, New York.
My Commission Expires Dec. 31, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                  08-CR-322-S

JOSEPH ANDERSON,

        Defendant.

## CERTIFICATE OF SERVICE BY MAIL

     The undersigned hereby certifies that on January 13, 2011, she served a copy of the attached **GOVERNMENT'S AFFIDAVIT IN SUPPORT OF MOTION FOR A DOWNWARD DEPARTURE PURSUANT TO SECTION 5K1.1, filed under seal** by placing said copy in a postpaid envelope addressed to the person hereinafter named, by depositing said envelope and contents in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

**ADDRESSEE:**

Terrence M. Connors, Esq.
1000 Liberty Building
424 Main Street
Buffalo, New York 14202

     I further certify that the foregoing was also provided to the following participant via inter-office mail:

        Michael J. Quarantillo, U. S. Probation Officer

                                              */s/ Laura Rogers*
                                              LAURA ROGERS
                                              Legal Assistant